1  John M. Genga (SB# 125522)
   GENGA & ASSOCIATES, P.C.
2  15260 Ventura Boulevard, Suite 1810
   Sherman Oaks, California 91403
3  Telephone: (818) 444-4580
   Facsimile: (818) 444-4585
4
5  Attorneys for Plaintiffs
   SARAH SNOW, LOUIS SALLERSON,
6  ERIC KNUDSEN, and IT IS NO DREAM
   ENTERTAINMENT, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 SARAH SNOW, an individual,              Case No. CV14-1268 PA MRW
   LOUIS SALLERSON, an individual,
12 ERIC KNUDSEN, an individual, and        COMPLAINT FOR VIOLATION OF
   IT IS NO DREAM ENTERTAINMENT,           COPYRIGHT AND LANHAM
13 LLC, a California limited liability     ACTS; DEMAND FOR JURY
   company,                                TRIAL
14
15           Plaintiffs,
16    vs.
17
   SPENCER GIFTS LLC, a Delaware
18 limited liability company, SPIRIT
   HALLOWEEN SUPERSTORES LLC, a
19 Delaware limited liability company, and
   DOES 1 through 10, inclusive,
20
21           Defendants.
22
23
24      As and for their complaint herein, plaintiffs Sarah Snow, Louis Sallerson,
25 Eric Knudsen and It Is No Dream Entertainment, LLC ("IINDE") (collectively,
26 "Plaintiffs") allege as follows against defendants Spencer Gifts LLC ("Spencer")
27 and Spirit Halloween Superstores LLC ("Spirit") (collectively, "Defendants").
28

**COMPLAINT**

## Introduction

1. This case arises from Defendants' infringement of Plaintiffs' rights of copyright and trademark in their highly distinctive and well delineated graphic character known as "Slender Man" (also referred to as the "Character"). Defendants willfully violated Plaintiffs' known rights in Slender Man after attempting, but failing, to negotiate a license acceptable to Plantiffs for the use, reproduction and distribution of the Character in the form of a Halloween costume.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this case arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq.*, and the U.S. Trademark Act, also known as the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

3. This Court has personal jurisdiction over each Defendant in that each has sufficient contacts with the forum state to satisfy Fed. R. Civ. P. 4, Cal. Code Civ. Proc. § 410.10, U.S. Const. Amdmt. V and *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945). Among other things, Plaintiff is informed and believes and on that basis alleges that defendant Spencer operates over fifty retail stores in the state of California, and that defendant Spirit sells from Spencer and/or other retail locations throughout California on a seasonal basis.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), as a substantial part of the events giving rise to this action occurred, and each Defendant does business and can be found, including through dozens of retail locations, within this district.

## The Parties

5. Plaintiff Snow is an individual who resides in this judicial district in the state of California.

6. Plaintiff Sallerson is an individual who resides in this judicial district in the state of California.

7. Plaintiff Knudsen is an individual who resides in the state of North Carolina.

8. Plaintiff IINDE is a limited liability company organized and existing under the laws of the state of California, and has its principal place of business in this judicial district.

9. Defendant Spencer is a limited liability company organized and existing under the laws of the state of Delaware, has its principal place of business in the state of New Jersey, and regularly conducts business in the state of California and in this judicial district. Plaintiffs are informed and believe and on that basis allege that Spencer owns Spirit and committed the acts complained of herein itself or through Spirit as an entity or under the "Spirit Halloween" name as a division or brand within Spencer.

10. Defendant Spirit is a limited liability company organized and existing under the laws of the state of Delaware, has its principal place of business in the state of New Jersey, and regularly conducts business in the state of California and in this judicial district. Plaintiffs are informed and believe and on that basis allege that Spirit sells Halloween costumes, accessories, decorations and party goods throughout the year on its website at http://www.spirithalloween.com, and on a seasonal basis each year from approximately early September through early November in over a thousand retail locations throughout the United States and Canada, including in California.

11. Plaintiffs do not know the true names of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue these parties by such fictitious names. Plaintiffs are informed and believe and on that basis allege that such parties were in some manner responsible for some or all of the activities referenced herein, and will seek leave to amend their pleading if and when the true identity of any of these parties becomes known.

**COMPLAINT**

12. Plaintiffs are informed and believe and on that basis allege that each and every one of the Defendants herein, including without limitation Does 1 through 10, inclusive, is the principal or agent, or has otherwise acted in concert with or under the direction or control of, each of the other Defendants, and/or is the alter ego of each of the other Defendants, such that adherence to the fiction of the separate existence of any of them would work unjustly to deprive Plaintiffs of the full rights and remedies they otherwise would have against each of the Defendants. Accordingly, the acts of each and every one of the Defendants, including without limitation Does 1 through 10, inclusive, constitute the acts of each and every other Defendant, making each liable, jointly, severally or otherwise, for all damages and other harm caused to Plaintiffs as alleged herein. As such, reference to any one defendant shall be deemed to also include all Defendants, including without limitation Does 1 through 10, inclusive.

## Factual Allegations Common to All Claims for Relief

13. Using the pseudonym Victor Surge, Knudsen created Slender Man, a thin, abnormally tall human-like character with no facial features, elongated limbs, in a dark suit with a white shirt and a thin, dark tie, among other unique delineated features, and at times with tentacles. Knudsen placed Slender Man in two black and white photos posted on the website http://www.somethingawful.com in June 2009, adding captions, giving the Character its name and associating it with unexplained and macabre events. Knudsen created other images of the Character at around the same time, and on January 11, 2010, obtained copyright registration TXu001664954 in text and artwork depicting Slender Man.

14. Since its creation, the Character has become an Internet and horror genre phenomenon. To capitalize on Slender Man's immense popularity, Snow and Sallerson acquired from Knudsen the exclusive motion picture, television and allied and ancillary rights, including merchandising, in the Character and all of its plots, themes, characters and designs (the "Rights"). Snow and Sallerson thereafter

4

formed IINDE, through which they exploit the Rights. Their efforts have led, among other things, to works and products developed under license and authority from Plaintiffs, including a video game entitled "Slender: The Arrival," in current distribution at http://slenderarrival.com, and a music video by the band P.O.D.

15. In late June 2013, Snow and Sallerson approached Spirit regarding the possibility of exploiting Slender Man in the form of a Halloween costume. They explained to Spirit that they held the Rights from Knudsen as the copyright owner, and proposed to work with Spirit to produce a costume of the Character. A few days thereafter, Snow and Sallerson had a conference call with Spirit executives, including its general counsel, and submitted suggested costume designs by email to Spirit shortly after that.

16. During July 2013, Snow and Sallerson attempted to negotiate a license for Spirit to produce and distribute a Slender Man Halloween costume, but the parties could not agree upon terms. Plaintiffs then learned shortly before October 31, 2013 that Spirit was marketing a Halloween costume called "Stalker Man," and an inflatable "Bloody Slender Man" Halloween decoration. These products, and others of which Plaintiffs may not be aware (collectively, "Products"), copy the protected Slender Man Character without permission, including from the designs that Snow and Sallerson had offered in July but ultimately did not authorize.

17. Plaintiffs are informed and believe that the Slender Man costume was among the most popular for Halloween 2013, and that all Defendants did and continue to offer or aid and abet in offering it and other Products for sale to the public at physical locations and by online means. Plaintiffs bring this action to recover damages and profits from, and to enjoin, such infringements of their Rights.

**COMPLAINT**

## FIRST CLAIM FOR RELIEF

For Copyright Infringement

(Against All Defendants)

18. Plaintiffs refer to and incorporate each and every allegation set forth in paragraphs 1 through 17, inclusive, as if restated in full in this paragraph.

19. Plaintiffs own and control a valid and subsisting registered copyright in and to the Character. As such, they have the exclusive rights conferred by 17 U.S.C. § 106, including to reproduce, distribute and create derivative works based upon Slender Man.

20. Defendants have reproduced, distributed and created derivative works based upon Slender Man without authorization from Plaintiffs. As such, Defendants have infringed Plaintiffs' exclusive rights of copyright in the Character.

21. Plaintiffs have suffered damages according to proof from Defendants' infringement of copyright. Pursuant to 17 U.S.C. § 504, Plaintiffs have the right to recover: (i) their actual damages plus any and all profits of Defendants attributable to the infringement and not included in actual damages, collectively believed to exceed $150,000; or, (ii) alternatively, and at Plaintiffs' sole election at any time before final judgment is rendered, statutory damages in an amount of up to $150,000 for Defendants' willful infringement of copyright.

22. Plaintiffs are further entitled, pursuant to 17 U.S.C. § 502, to orders temporarily restraining and preliminarily and permanently enjoining Defendants from infringing Plaintiffs' exclusive rights of copyright.

23. Plaintiffs are also entitled, pursuant to 17 U.S.C. § 503, to an order impounding all costumes, decorations and other goods, works and Products that constitute or embody copies of the Character or any protectable elements thereof, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies may be reproduced.

COMPLAINT

24. Plaintiffs additionally have the right, pursuant to 17 U.S.C. § 505, to recover their full costs of suit, including reasonable attorneys' fees, subject to proof.

## SECOND CLAIM FOR RELIEF

### For Violation of Lanham Act Section 43(a)

### (Against All Defendants)

25. Plaintiffs refer to and incorporate each and every allegation set forth in paragraphs 1 through 17, inclusive, as if restated in full in this paragraph.

26. From Knudsen's creation and naming of the Character in June 2009, and since that time by virtue of Plaintiffs' use of the name and depiction of the Character in commerce, the term "Slender Man" and the appearance of the Character have come to identify Plaintiffs as the source thereof.

27. Defendants' unauthorized promotion, offer and sale of Products using the identical or confusingly similar image and name of the Character is likely to deceive or cause confusion or mistake as to the affiliation, connection or association of Defendants and Plaintiffs and/or the origin, sponsorship or approval of the Products, in violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

28. Defendants' violation of Lanham Act section 43(a) entitles Plaintiffs, pursuant to 15 U.S.C. § 1117(a), to recover Defendants' profits from such violation in addition to other damages suffered by Plaintiffs, all in an amount subject to proof, as well as Plaintiffs' costs of suit and, if and to the extent the Court finds this an "exceptional case," the attorneys' fees reasonably incurred by Plaintiffs.

29. Plaintiffs are further entitled, pursuant to 15 U.S.C. § 1116(a), to orders temporarily restraining and preliminarily and permanently enjoining Defendants from continuing to promote, offer and sell Products in violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

30. Plaintiffs are also entitled, pursuant to 15 U.S.C. § 1118, to an order that Defendants deliver for destruction all costumes, decorations and other goods, works and Products that use the image or name of the Character or any term or

depiction confusingly similar thereto, and all plates, molds, matrices and other means of making the same.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

A. For actual damages suffered by Plaintiffs as a consequence of Defendants' violations of the Copyright and Lanham Acts, according to proof;

B. For profits obtained by Defendants as a consequence of their violations of the Copyright and Lanham Acts, according to proof;

C. On the First Claim for Relief only, and in the alternative to the remedies sought in Prayer A and B above as to that Claim only, and at Plaintiffs' sole election at any time prior to entry of judgment, for statutory damages in an amount of up to $150,000 pursuant to 17 U.S.C. § 504(c);

D. For injunctive relief preventing further violations of the Copyright and Lanham Acts by Defendants and those acting in concert with them or at their direction or control;

E. For delivery, impoundment and destruction of all goods, works and Products in the hands of Defendants, and those acting in concert with them or at their direction or control, that violate the Copyright or Lanham Acts;

F. For costs of suit herein incurred, including reasonable attorneys' fees; and

G. For such other and further relief as the Court may deem just and proper.

DATED: February 18, 2014

By: /s/ John M. Genga
John M. Genga
GENGA & ASSOCIATES, P.C.
Attorneys for Plaintiffs
ERIC KNUDSEN, SARAH SNOW,
LOUIS SALLERSON and IT IS NO
DREAM ENTERTAINMENT, LLC

8
**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED: February 18, 2014

By: _____
John M. Genga
GENGA & ASSOCIATES, P.C.
Attorneys for Plaintiffs
ERIC KNUDSEN, SARAH SNOW, LOUIS SALLERSON and IT IS NO DREAM ENTERTAINMENT, LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Percy Anderson_____ and the assigned Magistrate Judge is _____Michael R. Wilner_____.

The case number on all documents filed with the Court should read as follows:

**2:14-cv-01268 PA-MRWx**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 19, 2014                By  SBOURGEOIS
Date                                 Deputy Clerk

---

NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Sarah Snow, Louis Sallerson, Eric Knudsen and
It Is No Dream Entertainment, LLC

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Spencer Gifts LLC and Spirit Halloween Superstores LLC

**(b) County of Residence of First Listed Plaintiff** Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant** _____
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

John M. Genga (SB# 125522)
GENGA & ASSOCIATES, P.C.
15260 Ventura Boulevard, Suite 1810, Sherman Oaks, California 91403
Telephone: (818) 444-4580; Facsimile: (818) 444 4585; jgenga@gengalaw.com

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1. Original Proceeding
- ☐ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes  ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT:** $ 150,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

COMPLAINT FOR VIOLATION OF COPYRIGHT AND LANHAM ACTS

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: CV14-1268

CV-71 (11/13)  CIVIL COVER SHEET  Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? <br> ☐ Yes ☒ No <br> If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? <br> ☐ Yes ☒ No <br> If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | **A PLAINTIFF?** <br> Then check the box below for the county in which the majority of DEFENDANTS reside. | **A DEFENDANT?** <br> Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN DIVISION |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** John M. Genga    DATE: February 18, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |